Hale, Judge.
 

 .The defendant
 
 Barnes,
 
 by his deed of assignment in favor of his creditors, transferred and assigned over to the trustees therein named, considerable real and personal estate particularly described, and all other real and personal property of which he was seised or possessed, all book debts, bonds and notes of every description ; and the trustees are directed to collect the debts, whether due by bond, note, open account or otherwise. He also expresses that the trustees shall have and hold the real and personal estate, and
 
 choses
 
 in action, and accruing interests, with the appurtenances &c. in trust &c. I am inclined to'the opinion, that this general description of property includes any balance that might be due to
 
 Barnes
 
 from the estate of
 
 Whitmell Bell. (Bayard v. Hoffman
 
 4
 
 Johns. Ch. R.
 
 450). Neither is that opinion varied by a clause in the latter part of the deed of assignment, in which he reserves the right to apply so much of the funds, as shall he requisite and necessary to the settlement of his accounts, as executor of
 
 PTIdlmell Bell.
 
 This clause was only inserted to secure that estate against loss by his insolvency ; and can have no application, where it turns out that the estate is in, debt to him. But this view of the case arises only from the deed of assignment, and the account that has been taken, and now made an exhibit, between
 
 Barnes
 
 and his testator’s estate. From that account it appears, that the estate of
 
 Whitmell Bell
 
 falls in debt to
 
 Barnes
 
 in the sum of $1375. It is necessary to consider, how that balance arose, and this leads us to the consideration of
 
 Dempsey Bryan’s
 
 petition. It appears from an exhibit in the case, which is admitted to bo evidence, that
 
 Dempsey Bryan
 
 became an indorser for
 
 Elizabeth Bell
 
 on a note to the bank at Tarborough, for $2500, in the year 1826 ; that in the year 1828,
 
 David Barnes
 
 the defendant, renewed the note in his own name, and as ex
 
 *150
 
 ecutor for
 
 Whitmell Bell,
 
 with
 
 Dempsey Bryan
 
 as surety or indorser, for the balance of the money due on
 
 Elizabeth Bell’s
 
 note, which was §1800. This note ivas renewed by the same parties on the 9th day of December, 1828, for §1600. Suit was brought upon it, and the judgment was paid
 
 off by Bryan.
 
 It is to be observed too, that part of the money, for which
 
 Elizabeth Bell
 
 gavcher note to the hank, had been received by her husband. ' After his death, his note was renewed by
 
 Barnes
 
 as executor, with different indorsers, up to the time when
 
 Elizabeth Bell
 
 gave her note with
 
 Bryan
 
 as her indorser. It appears from this statement, and it is admitted by
 
 Barnes
 
 in his answer, that the money thus obtained from the bank was applied to the use of
 
 Whitmell Bell’s
 
 ostate ; and it is owing, no doubt, to that application of it, that a balance has been found in favor of
 
 Barnes
 
 in his settlement of that estate. For if
 
 Barnes
 
 had paid the debt due to the bank, his claim to it would be both legal and equitable. But that debt was discharged by
 
 Bryan,
 
 and he ought to stand in
 
 the
 
 room of
 
 Barnes,
 
 as to that balance coming from
 
 Bell’s estate ;
 
 for the money borrowed from the bank, which he had discharged, has produced it. No doubt this construction of the transaction occurred to
 
 Barnes,
 
 when he drew the deed of assignment. For if §1600, the amount paid by
 
 Bryan,
 
 is deducted from his credit in his account with
 
 Barnes’
 
 estate, he would have fallen two or three hundred dollars in debt to
 
 it;
 
 and therefore it was, that he made provision against loss to that estate, on account of his insolvency.
 

 It is for these reasons, and from this view of the case, that I think the prayer of the petitioner
 
 Bryan
 
 ought to be granted.
 

 Buefin, Judge, dissented, but delivered no opinion.